FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN I I 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RUBEN BELTRAN,<br><br>                    Petitioner,<br><br>          v.<br><br>STATE OF CALIFORNIA,<br><br>                    Respondent. | Case No.  CV 12-09529 DSF (AN)<br><br>DISMISSAL ORDER |

## I. BACKGROUND

On November 7, 2012, petitioner Ruben Beltran ("Petitioner"), a state prisoner, filed his pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition challenges Petitioner's current state custody arising from his conviction for aggravated sexual assault of a child and corresponding 15 years to life prison sentence that he sustained following a jury trial in the California Superior Court for the County of Los Angeles (case no. LA057526). (Pet. at 1.) Petitioner is currently imprisoned at the Pleasant Valley State Prison. (*Id.*)

On November 20, 2012, the Magistrate Judge issued his minute order that notified Petitioner his Petition was subject to summary dismissal for lack of jurisdiction because

1    it improperly named the State of California as the respondent instead of the prison
2    warden. (11/20/12 Order (AN) [5] at 1.) The 11/20/12 Order also notified Petitioner his
3    Petition was defective because it incorrectly stated each of the claims raised in the
4    Petition were presented to the California Supreme Court on collateral review even though
5    the official records of the state high court, which are available on the internet at
6    www.appellatecases.courtinfo.ca.gov, show Petitioner has never filed a supreme court
7    habeas petition. (*Id.* at 2.) Further, the 11/20/12 Order also explained Petitioner's Petition
8    was subject to summary dismissal because the California Court of Appeal's decision
9    affirming Petitioner's child molestation conviction and corresponding prison sentence
10   showed the claims that he raised in his pending Petition are non-cognizable state claims.
11   (*Id.*) Even though the Petition was subject to summary dismissal for the aforementioned
12   reasons, Petitioner was granted leave until December 3, 2012, to file a First Amended
13   Petition ("FAP") for the express purpose of giving him an opportunity to cure the defects
14   prior to summary dismissal. (*Id.* at 2-3.) In this regard, the 11/20/12 Order expressly
15   notified and warned Petitioner that his Petition would be dismissed if he failed to file the
16   FAP in the time and manner directed by the 11/20/12 Order, and that his FAP would be
17   dismissed without further notice if it again failed to name a proper respondent or failed
18   to raise cognizable claims. (*Id.* at 3.)

19        Petitioner did not file the FAP in the required time and manner. Instead, on
20   December 5, 2012, he filed an application [9] for an extension of time to file a FAP. On
21   December 7, 2012, the Magistrate Judge granted the application and gave Petitioner leave
22   until December 26, 2012, to file an FAP. (12/07/12 Order (AN) [10].) The Magistrate
23   Judge's 12/07/12 Order expressly notified and warned Petitioner that "**NO FURTHER**
24   **REQUESTS FOR EXTENSIONS OF TIME WILL BE GRANTED AND**
25   **PETITIONER IS NOTIFIED HIS PENDING PETITION WILL BE DISMISSED**
26   **WITHOUT FURTHER NOTICE IF A FAP IS NOT FILED IN THE TIME AND**
27   **MANNER REQUIRED BY THIS ORDER AND THE COURT'S PRIOR ORDER.**"
28   (*Id.* (emphasis in original).)

1    Despite being granted the extension and warning, Petitioner failed to file an FAP.
2    More than six months has passed since the expiration of the extended deadline.

4                              **II. DISCUSSION**
5    **A.    The Petition is subject to summary dismissal for lack of jurisdiction because**
6           **of Petitioner's failure to name a proper respondent.**
7           As a prefatory matter, the Court finds the Magistrate Judge correctly found this
8    Court lacks jurisdiction over the Petition, and that it is subject to summary dismissal,
9    because of Petitioner's failure to name the prison warden as a respondent. As the
10   Magistrate Judge found and explained in his 11/20/12 Order:

> A § 2254 petition "must name as respondent the state officer
> who has custody" over the petitioner. Rule 2(a) of Habeas
> Rules. "This person typically is the warden of the facility in
> which the petitioner is incarcerated." *Stanley v. California
> Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). "Failure to
> name the petitioner's custodian as a respondent deprives
> federal courts of personal jurisdiction." *Id.* Petitioner's failure
> to name the warden of the Prison as his immediate state
> custodian deprives this Court of jurisdiction over the Petition
> and renders it subject to summary dismissal.

21   (11/20/12 Order at 1.)
22   **B.    Alternatively, a Rule 41(b) dismissal is warranted based upon Petitioner's**
23          **failure to comply with the Court's Orders and want of prosecution.**
24          "District courts have the inherent power to control their dockets and, '[i]n the
25   exercise of that power they may impose sanctions including, where appropriate, ...
26   dismissal.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson
27   v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir.1986)).   Further, "[p]ro se litigants must follow
28   the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567

1   (9th Cir. 1987).

2       District courts may dismiss an action based on the failure of a plaintiff or habeas
3   petitioner to comply with a court order or want of prosecution. Fed. R. Civ. P. ("Rule")
4   41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386 (1962); *see also,*
5   *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) (affirming dismissal of habeas
6   petition because of petitioner's disobedience with orders setting filing deadlines); *Ghazali*
7   *v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal of prisoner's civil rights
8   complaint for failure to file opposition to motion to dismiss as required by local rule);
9   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se*
10  litigant's civil rights complaint for failure to comply with district court's order to file an
11  amended pleading).

12      In determining whether to dismiss a claim for disobedience with a court order or
13  the failure to prosecute pursuant to Rule 41(b), the court must weigh the following
14  factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need
15  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
16  favoring disposition of cases on their merits; and (5) the availability of less drastic
17  alternatives. *Pagtalunan*, 291 F.3d at 642; *Ferdik*, 963 F.2d at 1260-61.

18      Based upon the foregoing, the Court finds that, assuming, without finding, the
19  Court did have jurisdiction, the Petition would still be subject to summary dismissal
20  pursuant to Rule 41(b) because of Petitioner's failure to comply with Court Orders and
21  want of prosecution.

22      In this regard, the Court finds all five factors favor dismissal of the Petition.
23  Petitioner's failure to file his FAP in the time and manner directed by aforementioned
24  Court Orders has interfered with the public's interest in the expeditious resolution of this
25  action so the Court can turn its attention to other actions where the litigants comply with
26  the Court's Orders, and interfered with the Court's need to manage its busy docket. Even
27  the fourth factor -- the public policy favoring a disposition of cases on the merits -- favors
28  a dismissal where, as here, Petitioner has manifested his intent to abandon this case by

1   failing to file a FAP in the time and manner directed by the Court despite being given an

2   extension of time to do so. The fact that Petitioner has not contacted the Court in over six

3   months also manifests an intent to abandon this action. The Court's explicit warnings to

4   Petitioner that this action would be dismissed if he failed to file a FAP in the required

5   time and manner also constitutes a less drastic measure that was available and used by the

6   Court to compel Petitioner's compliance before dismissal. Petitioner's disobedience with

7   this less drastic measure leads the Court to find further less drastic measures would be

8   futile, and that an immediate dismissal of this action is warranted.

9      The Ninth Circuit has held "[t]he failure of the plaintiff eventually to respond to

10   the court's ultimatum -- either by amending the complaint or by indicating to the court

11   that it will not do so -- is properly met with the sanction of a Rule 41(b) dismissal."

12   *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004). Accordingly, the

13   Court finds a Rule 41(b) dismissal is also justified and warranted under the circumstances.

14

15                             **III. CONCLUSION**

16      For the reasons discussed above, the reference to the Magistrate Judge is vacated

17   and the Petition is summarily dismissed for lack of jurisdiction and, alternatively,

18   Petitioner's failure to comply with the Court's orders and want of prosecution. Any and

19   all other pending motions are denied as moot and are terminated.

20

21

22   DATED:  June *10* , 2013                 _____

23                                 DALE S. FISCHER
                              UNITED STATES DISTRICT JUDGE

24

25

26

27

28